New Jersey Department of Labor,
Workmen's Compensation Bureau.

FREDERICK WILLIAM VOLLAND, PETITIONER, v. JERSEY
CITY PRINTING COMPANY, RESPONDENT.

\*     \*     \*     \*     \*     \*     \*

1. That the petitioner on July 15th, 1927, while employed by the respondent as a carpenter, sustained an accident arising out of and in the course of his employment, which comes within the provisions of the Compensation act.

2. That his rate of pay was $26.40 a week, making the rate of compensation $17 a week.

3. That the respondent had notice of the accident immediately.

4. That as a result of the accident, petitioner was struck on the head with a block of wood nine inches long, four inches wide and two and one-half inches thick, thrown with considerable force from a circular saw, causing a laceration over his right eye and stunning him. That he was treated by Dr. Hardenberg in behalf of the respondent for the laceration over his right eye, which healed without disability so far as it was concerned, in about six days. That within a few days after the accident, he complained to Dr. Hardenberg of shortness of breath, thumping of his heart, pains in the chest and swelling of his limbs, but was referred to his family physician for these complaints. That from all the medical evidence in the case, it appears the petitioner had a pre-existing heart disease, which was lying

dormant and had not prevented him from performing his regular work for the respondent, which he had been doing over a period of eighteen years. That it is clear from the medical testimony in the case, the blow caused shock, which aggravated the pre-existing heart condition, and the doctors for both the petitioner and the respondent practically agree the man is now totally disabled. I find that the pre-existing heart condition which was lying dormant incapacitated petitioner to the extent of seventy-five per cent., and that he is now totally disabled, so that he is entitled to twenty-five per cent. total permanent disability as a result of the accident.

5. The petitioner having returned to work for a short period of time after August 22d, 1927, I believe that the temporary disability should not extend beyond August 22d, which would be four and three-sevenths weeks, after deducting the waiting period of one week.

6. Dr. McLean, who treated the petitioner, rendered a bill for his services in the amount of $38, and testified at the trial as an expert, for which service he charged $25, and that, in my opinion, is reasonable. Dr. Arlitz examined the petitioner on January 10th, 1928, and testified as an expert, for which he stated his charge would be $35, and in my opinion that is reasonable.

7. The respondent having refused to pay more than the temporary disability in this case, and it appearing after a trial that the petitioner was entitled to a percentage of total permanent disability, a counsel fee of $250 chargeable against the respondent should be allowed, as well as the stenographic fees in the amount of $10.

\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*